IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV178-02-MU

SHANNON LEE DURHAM,            )
    Plaintiff,             )
                               )
    v.                     )          **O R D E R**
                               )
(FNU) MOORE, Sergeant at       )
  the Brown Creek Correc-     )
  tional Institution,         )
    Defendant.             )
_____)

**THIS MATTER** comes before the Court on initial review of plaintiff's civil rights form-Complaint under 42 U.S.C. §1983, filed August 4, 2004. For the reasons stated herein, the Court shall <u>dismiss</u> the instant Complaint.

The plaintiff alleges that on January 24, 2005, while he was housed at the Brown Creek Correctional Institution ("BCCI," hereafter), he informed the defendant that he had "misplaced" his meal card. The defendant, who was the Sergeant on duty in the dining hall at the time, directed the plaintiff to look for his card. However, the plaintiff responded that he already had looked everywhere he thought to look, but had not found the card. At that point, the defendant told the plaintiff that he had not looked hard enough; and that he should look again.

As a result of the foregoing, the plaintiff alleges that he did not eat that day since BCCI has a "no meal card, no meal"

policy. In fact, the plaintiff alleges that it was not until January 27, 2005, that he was given a replacement meal card and allowed to eat as a result of his having "attempted" to file an emergency grievance concerning the matter.

Based upon the foregoing allegations, the plaintiff is asking this Court to "consider a sentence reduction . . . due to the cruel and unusual punishment [he] endured due to the negl[i]gence of a state employed individual." In addition, the plaintiff is asking for an award of $50,000 "due to the stress and mental anguish caused by the defendant . . . ."

Notwithstanding his apparent belief to the contrary, however, the plaintiff's Complaint must be <u>dismissed</u> for the following reasons.

First, to the extent that the plaintiff is seeking a modification of his sentence as relief on his civil rights allegation, such attempt must be flatly rejected. That is, the type of relief under §1983 for civil rights actions such as these is limited to compensatory and punitive damages, injunctive and declaratory relief. <u>See, e.g.</u>, <u>Smith v. Wade</u>, 461 U.S. 30, 34-35 (1983). Furthermore, a litigant is not entitled to a modification of his sentence in the absence of demonstrating in an appropriate <u>habeas</u> proceeding that such sentence is unlawful, or is otherwise susceptible to constitutional challenge.

Second, it has not escaped the Court's attention that the

plaintiff did not exhaust his administrative remedies in this case. Indeed, the Complaint of this matter reflects that at the point when the plaintiff decided to file a grievance, a superior of the defendant's determined that the plaintiff should be issued a new meal card. Thus, the plaintiff did not pursue any administrative remedies for these allegations. However, inasmuch as it is well settled that prisoners must exhaust available administrative remedies before bringing a suit to challenge prison conditions. This is true even when the prison's administrative process does not provide for awards of money damages, but the prisoner is seeking only money damages. Booth v. Churner, 532 U.S. 731, 741 (2001).

Last, and equally critical, it is not altogether clear that the plaintiff has stated a constitutional claim for relief on the instant allegation. To be sure, allegations of mere negligence simply do not rise to the level of stating an Eighth Amendment violation. Miltier v. Beor, 896 F.2d 848 (1990).

In addition, while the Court finds it unfortunate that the defendant allowed the plaintiff to miss his meal on the first day that the plaintiff misplaced his card, the plaintiff does not allege that the defendant was the reason why he did not eat on subsequent occasions. Thus, even assuming that the plaintiff could demonstrate some harm as a result of this situation, it is not clear that this defendant even would be liable for such harm.

3

Furthermore, the Court finds that it was not entirely unreasonable for the defendant to have directed the plaintiff to continue to look for his meal card, particularly in light of the fact that the plaintiff told the defendant that he merely had "misplaced," not lost, the card.

Most significantly, the plaintiff has not alleged or even suggested a deleterious effect as a result of his missed meals. Thus, in the absence of such an allegation, the plaintiff simply cannot demonstrate that the defendant subjected him to cruel and unusual punishment in any event. See White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993) (noting that a prisoner must suffer "serious or significant physical or mental injury in order to be subjected to cruel and unusual punishment within the meaning of the Eighth Amendment); and 42 U.S.C.A. §1997e(e) (prisoner must show physical injury to maintain civil action for mental or emotional injury suffered while in custody).

Suffice it to say, therefore, the plaintiff's allegations fall far short of meeting this standard. At best, the plaintiff has alleged facts which reflect a non-actionable, de minimis injury. See Riley v. Dorton, 115 F.3d 1159, 1166 (4th Cir. 1997) (holding that conduct resulting in de minimis injury is excluded from constitutional recognition). Accordingly, the instant Complaint must be dismissed, ultimately for the plaintiff's failure to state a constitutional claim for relief.

**NOW, THEREFORE, IT IS ORDERED THAT** the plaintiff's Complaint is **DISMISSED** for his failure to state a constitutional claim for relief.  See 28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

_____

*Graham C. Mullen*
Graham C. Mullen
Chief United States District Judge